UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD TREHERN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:14-CV-207-RLJ-MCLC |
| | ) | |
| WARDEN WESTBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Richard Trehern [Doc. 1] challenging his 2008 Tennessee state court conviction for two counts of aggravated child abuse. Respondent has filed an answer [Doc. 8], as well as a copy of the state court record [Doc. 13]. For the following reasons, Petitioner's § 2254 petition will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

**I.   PROCEDURAL HISTORY**

Petitioner was indicted by a grand jury in Hawkins County, Tennessee, on three counts of aggravated child abuse of his infant daughter in violation of Tennessee Code Annotated § 39-15-402(a)(1) and (b) [Doc. 13 Attachment 1 pp. 1; 16-17]. Following a trial, a jury returned a verdict of guilty on Counts One and Two and not guilty on Count Three, [*Id*. p. 28], and Petitioner was sentenced to two concurrent terms of 20 years' incarceration [*Id*. pp. 29–30].

Petitioner appealed his conviction and sentence to the Tennessee Court of Criminal Appeals ("TCCA") raising three issues: (1) the evidence was insufficient to support his convictions; (2) the trial court erred in denying his motion to compel the State to produce medical records; and (3) his sentences were excessive [Doc. 13 Attachment 6]. The TCCA

affirmed Petitioner's conviction and sentence and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. *State v. Trehern*, No. E2009-00066-CCA-R3-CD, 2010 WL 2695635 (Tenn. Crim. App. July 7, 2010) *perm. app. denied* (Tenn. Nov. 12, 2010).

Petitioner timely filed a petition for post-conviction relief in the Hawkins County Criminal Court asserting that his trial counsel was ineffective: (1) by failing to adequately communicate and meet with him to prepare for the case; (2) by failing to attack the credibility of his ex-wife on cross-examination; (3) by failing to advise him that the crime for which he was charged had no release eligibility date; (4) by failing to adequately advise him of the consequences of his hearing under *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999); and (5) by failing to obtain an expert witness to rebut the State's theory of shaken baby syndrome [Doc. 13 Attachment 10 pp. 1–28]. Following an evidentiary hearing, the post-conviction court denied relief [Doc. 13 Attachment 10 pp. 40–48]. The judgment of the post-conviction court was affirmed by the TCCA and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. *Trehern v. State*, No. E2012-01475-CCA-R3-PC, 2013 WL 5436953 (Tenn. Crim. App. Sept. 27, 2013) *perm. app. denied* (Tenn. Feb. 12, 2014).

## II.  FACTUAL BACKGROUND

Petitioner was indicted on three charges of aggravated child abuse for inflicting serious bodily injury upon his infant daughter in April of 2007. As set forth by the TCCA:

> [Petitioner] married Michelle Trehern in Alabama. The couple divorced in November 2006, and Trehern moved back to Tennessee. She gave birth to the victim on December 20, 2006. The couple attempted to reconcile. [Petitioner] moved to Tennessee and began living with Trehern on March 5, 2007.

*Trehern*, 2010 WL 2695635, at *1.

The decision of the TCCA affirming Petitioner's conviction and sentence on direct appeal sets forth a lengthy recitation of the evidence from his jury trial in October of 2008. *Trehern*, 2010 WL 2695635, at *1–10. Included are summaries of the testimony of seven doctors who either treated or examined the victim or reviewed her medical records; of petitioner's ex-wife; and of a criminal investigator from the District Attorney's office, all of whom testified for the State. The opinion also summarizes the testimony of a child protective services investigator and of the victim's maternal grandmother, both of whom testified for the defense. *Id*.

The opinion of the TCCA affirming the decision of the post-conviction court contains a recitation of the facts from the evidentiary hearing held on Petitioner's post-conviction petition and summarizes the hearing testimony of Petitioner, of an investigator with the public defender's office, and of Petitioner's trial counsel. *Trehern*, 2013 WL 5436953, at *9–13.

To the extent that any facts and evidence from either the trial or the post-conviction evidentiary hearing are relevant to the claims raised by Petitioner in his § 2254 petition, the TCCA's summary of those facts and evidence will be set forth in more detail below in the analysis of those specific claims.

## III. STANDARD OF REVIEW

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, which amended § 2254, sets forth "an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007). By this standard, when a state court adjudicates a claim on the merits, habeas relief is available only if the adjudication of that claim "(1) resulted in a decision that was contrary to, or

3

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's ruling is an "unreasonable application of" clearly established Federal law if the state court identifies the correct governing legal principle from Supreme Court precedent but unreasonably applies it to the facts of the particular state prisoner's case. *Id*. at 407. The habeas court is to determine only whether the state court's decision is objectively reasonable, not whether, in the habeas court's view, it is incorrect or wrong. *Id*. at 411.

Under the AEDPA, a habeas petitioner must "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington*, 562 U.S. at 102; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## IV. ANALYSIS

Petitioner's § 2254 petition raises five grounds for relief: (1) he was denied his right to effective assistance of counsel due to trial counsel's failure (a) to retain an expert witness on shaken baby syndrome; (b) to effectively cross-examine Petitioner's ex-wife at trial; and (c) to properly prepare for trial; (2) the evidence presented at trial was insufficient to support his convictions on two counts of aggravated child abuse; (3) the trial court erred in denying his motion to compel discovery; (4) the trial court improperly applied statutory sentencing enhancement factors; and (5) the trial court improperly denied his post-conviction petition [Doc. 1].

### A. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Petitioner's first habeas claim is that he was denied his Sixth Amendment right to the effective assistance of counsel at trial [Doc. 1 p. 5]. Specifically, Petitioner alleges that his trial counsel: failed to hire an expert on shaken baby syndrome to determine the cause of the victim's injuries; failed to effectively cross-examine Petitioner's ex-wife; and failed to adequately prepare for trial [*Id*.].

Petitioner challenged the effectiveness of trial counsel on each of the foregoing grounds in his state post-conviction petition. Following an evidentiary hearing, the post-conviction court rejected the claim, finding that Petitioner failed to prove by clear and convincing evidence any of the alleged grounds of ineffectiveness [Doc. 13 Attachment 10 pp. 45–46]. The post-conviction court made the following findings as summarized by the TCCA:

> The Court finds that Petitioner is not credible concerning his allegations that his attorney, [ ], did not investigate the case, only visited him one or two times and would not let him testify at trial. The proof in this matter shows that [trial counsel] is an experienced public defender who investigated the case with the help of a very experienced investigator, Lawrence Smith. Mr. Smith attempted to locate

> witnesses including the babysitter that Petitioner could not name. Mr. Smith and [trial counsel] both agreed that the child's injuries were consistent with shaken baby syndrome and that there was no need to try to locate an expert to attack the child's injuries. [Trial counsel] and Mr. Smith agreed that the real issue in the case was: who caused the injuries? They wanted to attack the credibility of Petitioner's ex-wife, Michelle Trehern but Petitioner would not let them. [Trial counsel] and Mr. Smith visited Petitioner on many occasions and [trial counsel] testified he went over discovery with Petitioner. [Trial counsel] had a very difficult case because Petitioner said that he lied in the first statement to law enforcement and that he dropped the baby when he sneezed and blacked out. Petitioner's second statement was less credible when doctors testified the child had different ages of injuries and the injuries could not be caused by dropping the baby.

*Trehern*, 2013 WL 5436953, at *14.

The TCCA agreed with the post-conviction court and, after rejecting each specific ground of alleged deficiency, concluded that "Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel at trial or that he was prejudiced by any alleged defective representation by counsel." *Id*., at *17. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

    **1.    APPLICABLE LAW**

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Under the Sixth Amendment, a defendant has a constitutional right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

Under the first prong of the test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant

6

asserting a claim of ineffective assistance must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689.

The second prong requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In order to prevail on a claim of prejudice, a petitioner must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. While both prongs must be established to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

Review of a *Strickland* claim under § 2254(d)(1) is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

### 2. DISCUSSION

Petitioner advances three sub-claims of ineffective assistance of counsel in his § 2254 petition and the Court will address each of these sub-claims in turn. For the reasons set forth below as to each sub-claim, the Court is satisfied that, under the doubly deferential standard of *Strickland* and the AEDPA, the decision of the TCCA rejecting Petitioner's ineffective

assistance of counsel claim on each ground was neither contrary to, nor an unreasonable application of, Federal law as established in *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner's first habeas claim will be **DENIED**.

### a. FAILURE TO CALL EXPERT

Petitioner's first sub-claim is that trial counsel was ineffective in failing to hire an expert witness to rebut the prosecution's theory that the victim's injuries were caused by shaken baby syndrome. At the evidentiary hearing held on Petitioner's state post-conviction relief petition, the court heard testimony from both the investigator for the public defender and from trial counsel regarding the need for, or desirability of, an expert on this issue.

The investigator testified that after talking to some of the doctors listed as State witnesses and reviewing all of the medical evidence that had been compiled, "he agreed that the victim suffered from shaken baby syndrome. The only issue was a question of who actually shook the victim." *Trehern*, 2013 WL 5436953, at *16. Significantly, the investigator testified that he and trial counsel:

> Considered trying to attack the shaken baby syndrome, which had not been successful in the United States, but everything in the reports was clear; the evidence pointed that the injuries received by the child was from shaking.

*Id*.

As a result, the investigator "felt it would have been embarrassing and irritating to the jury for trial counsel to "drill' the doctors about whether the victim suffered from shaken baby syndrome." *Id*. Trial counsel also testified that the decision not to retain an expert was made because "[t]hey didn't have anything to say that was going to be beneficial to the defense." *Id*.

In light of the testimony, the TCCA, applying *Strickland*, concluded that Petitioner had failed to show that trail counsel's decision not to hire an expert was deficient, and further concluded that Petitioner also could not show prejudice because he did not present any expert proof at the post-conviction hearing. *Id*.

The Court is satisfied that the state courts' application of *Strickland* to the facts of this sub-claim was not unreasonable. It is a "longstanding and sound principle that matters of trial strategy are left to counsel's discretion." *Dixon v. Houk*, 737 F.3d 1003, 1012 (6th Cir. 2013). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Here, trail counsel and his investigator explored the possibility of retaining an expert on shaken baby syndrome but ultimately concluded that such testimony would not have been beneficial and, in fact, could have "embarrassed and irritated" the jury. *Trehern*, 2013 WL 5436953, at *17. Counsel's discretionary strategic decision in this regard, made after thorough investigation, was objectively reasonable. It therefore follows that the TCCA's decision finding that trial counsel was not ineffective for failing to call an expert witness on shaken baby syndrome likewise was not unreasonable.

### b. INEFFECTIVE CROSS-EXAMINATION

Petitioner's second sub-claim is that trial counsel was ineffective in failing to attack the credibility of Petitioner's ex-wife on cross-examination. The TCCA summarized the facts relating to this issue as follows:

> Petitioner argues that trial counsel rendered deficient performance by not attacking the credibility of his ex-wife, Michelle Trehern, at trial. Ms. Trehern gave a statement to police implicating Petitioner as the perpetrator of the crimes. However, immediately before trial, when interviewed by trial counsel and Mr. Smith, Ms. Trehern informed them that her story had changed. At trial, she testified that the police made up the contents of her statement and then threatened and coerced her into signing it. Her testimony at trial was then more favorable to Petitioner.

*Trehern*, 2013 WL 5436953, at *15.

At the evidentiary hearing held on petitioner's state post-conviction relief petition, trial counsel testified that he made a tactical decision not to attack Michelle Trehern's credibility at trial, and both counsel and the investigator testified that Petitioner himself agreed with that strategy. *Id*. Counsel explained:

> And if we had gone after calling her a liar at that point then it looked like what we were doing was throwing the jury back to her original statement and leaving them in a position where if she's lying now, then she must have been telling the truth then, and we did not want that.

*Id*.

The TCCA concluded that "trial counsel made a sound, strategic decision not to attack Ms. Trehern's credibility." *Id*. The TCCA refused to second-guess counsel's reasonably-based trial strategy, and further found that Petitioner had failed to demonstrate or even argue how his case was prejudiced by counsel's performance in this area. *Id*. Under the doubly deferential standard of *Strickland* and the AEDPA, the Court is satisfied that the decision of the TCCA, concluding that counsel's strategic decision not to attack the credibility of Petitioner's ex-wife during cross-examination was not deficient or prejudicial, was not unreasonable.

### c. INADEQUATE PREPARATION

Petitioner's third sub-claim is that trial counsel was ineffective in failing to adequately prepare for trial. Specifically, Petitioner alleges that counsel "did not prepare petitioner to stand

10

trial for the alleged accusations against him" and that counsel was "unprepared to go to trial" [Doc. 1 p. 5].

In its opinion affirming the decision of the post-conviction court, the TCCA addressed this sub-claim of ineffective assistance as follows:

> Petitioner asserts that he was incarcerated for fourteen months prior to trial and that trial counsel only met with him once or twice during that time, and he met with the investigator four or five times. However, the trial court credited the testimony of trial counsel and Lawrence Smith. Mr. Smith testified that he met with Petitioner more than ten times, and they discussed Petitioner's case and reviewed discovery. They also discussed witnesses, including a babysitter whose name Petitioner could not provide. The plan of defense was that Petitioner did not commit the crime and that it was committed by Petitioner's ex-wife, Michelle Trehern.
>
> Trial counsel testified that he knew of at least two occasions that he visited Petitioner in jail prior to the indictment. Trial counsel further estimated that he and Mr. Smith met with Petitioner at least ten times, and they reviewed discovery with him. He also had individual meetings with Petitioner.

*Trehern*, 2013 WL 5436953, at *15.

The TCCA concluded that "Petitioner has not demonstrated that trial counsel's performance in this area was deficient or how further meetings or communications with trial counsel would have helped his case." *Id*.

Under the doubly deferential standard of *Strickland* and the AEDPA, the Court is satisfied that the decision of the state post-conviction court crediting the testimony of trial counsel and the investigator over that of Petitioner on this issue was not an unreasonable determination of the facts in light of the evidence presented at the post-conviction hearing. Accordingly, it follows that the TCCA decision finding that trial counsel's preparation for trial was not deficient was not an unreasonable one.

11

B.   SUFFICIENCY OF THE EVIDENCE

Petitioner's second habeas claim is that the evidence presented at trial was insufficient to support his convictions for aggravated child abuse [Doc. 1 pp. 6–7].  Specifically, he maintains that the District Attorney did not know who actually caused his daughter's injuries; that none of the testifying doctors were experts on shaken baby syndrome and that their testimony was inconsistent as to when the injuries occurred; and that, although he was found not guilty of "the skull fracture injury" charged at Count Three, one of the doctors testified that one of the injuries charged at a count on which he was convicted "could have happened at the same time as the skull fracture." [*Id.*].

Petitioner challenged the sufficiency of the evidence on direct appeal and the TCCA adjudicated the claim on the merits.  Taking the evidence in the light most favorable to the State, the TCCA concluded that the evidence was sufficient to support Petitioner's conviction on two counts of aggravated child abuse.  *Trehern*, 2010 WL 2695635, at *10.  Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

1.   APPLICABLE LAW

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  When a habeas petitioner challenges his conviction based upon insufficient evidence the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

"This standard is even more exacting" under § 2254, as a review of the state court's merits determination must be made "through AEDPA's deferential lens." *Hill v. Mitchell*, 842 F.3d 910, 933 (6th Cir. 2016). Thus, in giving proper deference both to the verdict and to the state court opinion upholding that verdict, even if the Court were to "'conclude that a rational trier of fact could *not* have found the petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state *appellate court's* sufficiency determination as long as it is not unreasonable." *Id*. at 933–34 (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)).

### 2. DISCUSSION

In light of this exacting standard, Petitioner's challenge to the sufficiency of the evidence supporting his convictions must fail. In addressing Petitioner's claim, the TCCA identified *Jackson* as the appropriate standard and applied it in a reasonable manner. The TCCA first identified the elements of the offense of aggravated child abuse as set forth in the Tennessee statute, noting that child abuse is defined as "knowingly, other than by accidental means, treat[ing] a child under eighteen (18) years of age in such a manner as to inflict injury," and that a person commits aggravated child abuse when the "act of abuse or neglect results in serious bodily injury to the child." *Trehern*, 2010 WL 2695635, at *10 (citing Tenn. Code. Ann. §§ 39-15-401 and 39-15-402).

The TCCA then summarized the relevant evidence supporting Petitioner's convictions as follows:

> Taken in the light most favorable to the State, Michelle Trehern gave a statement to Investigator Collingsworth that she saw the Defendant shake the victim. Dr. Giles testified that the victim presented symptoms indicating a failure to thrive and that Trehern had reported seizure-like symptoms. Dr. Landis observed no bruising or signs of abuse. Dr. Sleeter testified that he ordered a CT scan and that

> the initial readings showed large collections of blood on both sides of the victim's brain. He testified that one of the areas of blood showed decreased density, meaning that it was older. Dr. Gash testified that the April 21, 2007 head CT showed an abnormal hyperdensity, representing blood, and that the victim had an acute cerebral interspheric hemorrhage and a chronic area of hemorrhage that had pushed the victim's brain away from her skull. He concluded that the victim's injuries were the result of non-accidental trauma, to which he referred as shaken baby syndrome. He said that it was unlikely that a three- or four-month old baby could, on her own, generate the acceleration-deceleration force necessary to cause the injury. He said that the victim had no external trauma and that there was no evidence of a severe motor vehicle accident, which might have produced the same types of injuries. Investigator Collingsworth and Donna Spencer testified that Michelle Trehern made a statement in which she said she caught the Defendant shaking the victim. Dr. Neal testified that the victim's injuries were consistent with shaken baby syndrome, that the left subdural hematoma had occurred within ten days of April 21, 2007, and that the right subdural hematoma had occurred sometime before that. Dr. Carlsen testified that the victim had hemorrhages in three quadrants of the left eye, consistent with non-accidental rapid acceleration-deceleration trauma, or shaken baby syndrome. Dr. Mohan testified that the victim's subdural effusions were caused by shaken baby syndrome and that the skull fracture was caused by blunt trauma. He testified that the subdural effusions were serious injuries which could cause permanent, irreparable brain damage. In her April 26, 2007 statement, Ms. Trehern said that she saw the Defendant shake the victim. Although she testified at the trial that never saw the Defendant shake the victim, when asked if the victim had been crying before she caught the Defendant shaking the victim, she responded that the victim had been crying for a few minutes. We must presume that the jury resolved the conflicts in Ms. Trehern's testimony in favor of the State.

*Id.*

In light of the foregoing evidence, the inference that Petitioner (and not someone else) knowingly (and not by accidental means) inflicted serious bodily injury on his infant daughter as charged in Counts One and Two is not an unreasonable one, and the Court must presume that both the jury and the TCCA resolved any reasonable conflicting inferences in favor of the prosecution. *See Copeland v. Tiseo*, 645 F. App'x 500, 506 (6th Cir. 2016).

Although Petitioner contends that the testimony of the doctors was not credible because none were experts on shaken baby syndrome and they gave "inconsistent" testimony as to the

timeline of the victim's injuries, under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *see also Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence). Moreover, "[t]he trier of fact . . . holds 'the responsibility . . . fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Tibbs v. Florida*, 457 U.S. 31, 45 n. 21 (1982) (quoting *Jackson*, 443 U.S. at 319)). Thus, it is not for this Court to reweigh the evidence, re-evaluate the credibility of the witnesses, or substitute its judgment for that of the trier of fact. *See Brown*, 567 F.3d at 205.

Under the doubly deferential standard of *Jackson* and the AEDPA, the Court is satisfied that the evidence presented at Petitioner's trial was sufficient for a rational trier of fact to find all of the essential elements of the crime of aggravated child abuse beyond a reasonable doubt on the two counts of conviction, and further that the decision of the TCCA so finding was objectively reasonable. Accordingly, because the decision of the TCCA that the evidence was sufficient to support Petitioner's convictions was neither contrary to, nor an unreasonable application of, Federal law as established in *Jackson*, his second habeas claim will be **DENIED**.

### C. DENIAL OF MOTION TO COMPEL

Petitioner's third habeas claim is that the trial court erred in denying his motion to compel discovery of medical records of his son and infant daughter dating from their births [Doc. 1 p. 6]. Although he does not assert any specific theory underlying this claim in the § 2254 petition, Petitioner challenged the trial court's denial of the motion to compel on direct appeal under Tennessee Rule of Criminal Procedure 16, which governs disclosure of evidence by the State [Doc. 13 Attachment 6 pp. 14–17]. Analyzing Petitioner's claim under Tennessee law, the

TCCA determined that the trial court did not err in denying the motion, finding that the State is not required under the Tennessee Rules of Criminal Procedure to disclose evidence that is not in its actual or constructive possession and that is available to the defendant by exercising reasonable diligence. *Trehern*, 2010 WL 2695635, at *11–12.

It is well-settled that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Rather, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. Accordingly, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Here, Petitioner's claim on direct appeal that the trial court erred in denying the motion to compel was framed solely as a violation of the Tennessee Rules of Criminal Procedure. The TCCA analyzed and decided that claim under Tennessee state law, and it is not the province of this Court to reexamine the determination of the state court on this state law question. Because Petitioner has not alleged a federal constitutional violation arising from the denial of his motion to compel, his challenge to the denial of that motion fails to state a cognizable basis for § 2254 relief, and his third habeas claim will be **DISMISSED**.

### D. IMPROPER SENTENCE

Petitioner's fourth habeas claim is that the trial court improperly imposed concurrent 20-year sentences on Petitioner's two convictions for aggravated child abuse [Doc. 1 p. 6]. Although he does not assert a specific sentencing error in his § 2254 petition, on direct appeal Petitioner challenged his sentence on the ground that the trial court misapplied certain statutory enhancement factors under Tennessee Code Annotated § 40-35-114 [Doc. 33 Attachment 6 pp.

18–23]. Reviewing the claim de novo, with the presumption that the trial court's sentencing determinations are correct under Tennessee Code Annotated §§ 40-35-401(d) and 40-35-402(d), the TCCA found that Petitioner failed to overcome the statutory presumption that the trial court's sentencing determination was correct and denied Petitioner relief on his excessive sentence claim. *Trehern*, 2010 WL 2695635, at *12–14.

As previously noted, "[s]tate courts are the final arbiters of state law and the federal courts will not intervene in such matters." *Lewis*, 497 U.S. at 780. Accordingly, a state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *4 (6th Cir. Nov. 10, 2016) (trial court's scoring of various offense variables is not cognizable on habeas review).

Here, Petitioner's claim on direct appeal to the TCCA solely challenged the state court's interpretation and application of state statutory sentencing factors. Petitioner did not assert any federal constitutional violation before the state court and he has not done so in his § 2254 petition. Accordingly, Petitioner's challenge to his sentence is not cognizable in a federal habeas corpus proceeding and his fourth habeas claim will be **DISMISSED**.

### E. DENIAL OF POST-CONVICTION RELIEF

Petitioner's fifth habeas claim is that the Tennessee post-conviction court erroneously denied his petition for post-conviction relief alleging ineffective assistance of counsel [Doc. 1 p. 8]. In the statement of supporting facts, he asserts that his ex-wife's testimony at his trial "helped convict" him and that she later was found guilty of filing a false report and found guilty of aggravated perjury for "lying about what she saw happen while being cross-examined" during Petitioner's trial [*Id.*]

"[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (citing *Picard v. Connor*, 404 U.S. 270, 271 (1971)). Here, Petitioner has not asserted a specific federal constitutional guarantee that was violated by the denial of his post-conviction relief petition and it is unclear what the specific basis of his claim is.

To the extent Petitioner is attempting to challenge any irregularities in how the post-conviction *proceedings* were conducted, such a claim is not cognizable in a federal habeas proceeding. It long has been recognized that a writ of habeas corpus "is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Accordingly, the Sixth Circuit Court of Appeals "'has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review.'" *Mendenhall v. Parris*, No. 16-6003, 2017 WL 2819225, at *4 (6th Cir. Feb. 22, 2017) (quoting *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)).

To the extent Petitioner is alleging that the post-conviction court's *decision* that he failed to establish ineffective assistance of counsel was erroneous, he previously appealed that decision to the TCCA, which affirmed the post-conviction court's denial of relief. *Trehern*, 2010 WL 2695635, at *1. Specifically, the TCCA concluded that "Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel at trial or that he was prejudiced by any alleged defective representation by counsel." *Id*., at *17. As already

discussed, the TCCA's decision in this regard is not contrary to, nor an unreasonable application of, clearly established Federal law as set forth in *Strickland*.

Accordingly, whether framed as a challenge to the state post-conviction proceedings generally or to the post-conviction court's decision specifically, Petitioner is not entitled to § 2254 relief on his challenge to the denial of his post-conviction petition, and his fifth habeas claim will be **DISMISSED**.

## V. CONCLUSION

For the reasons set forth herein, the Court finds that none of Petitioner's claims warrant the issuance of a writ of habeas corpus. Accordingly, Petitioner's § 2254 motion [Doc. 1] will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

## VI. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Where claims have been dismissed on their merits, a petitioner must show reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*; *see also Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).

19

Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any of his claims. Specifically, jurists of reason would not debate the Court's finding that Petitioner's claims alleging violations of state law are not cognizable under § 2254. Nor has Petitioner shown that reasonable jurists would find the Court's assessment of Petitioner's remaining constitutional claims debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge